UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X

JANE HOCHBERG,

                Plaintiff,           07 CV 3470 (NRB) (JCF)

    -against-                      **VERIFIED ANSWER**

WORLD ZIONIST ORGANIZATION-
AMERICAN SECTION, INC.,

                Defendant.

------------------------------------------------------X

        Defendant World Zionist Organization – American Section, Inc. answers the Verified Complaint ("Complaint") as follows:

1.      Admits the allegations contained in paragraph 1 of the Complaint.

2.      Admits the allegations contained in paragraph 2 of the Complaint and states that Defendant is a domestic not-for-profit corporation.

3.      Admits the allegations contained in paragraph 3 of the Complaint.

4.      Admits the allegations contained in paragraph 4 of the Complaint.

5.      Admits the allegations contained in paragraph 5 of the Complaint.

6.      Admits the allegations contained in paragraph 6 of the Complaint.

7.      Admits the allegations contained in paragraph 7 of the Complaint.

8.      Denies the allegations contained in paragraph 8 of the Complaint and states that the defendant has removed this action to the United States District Court, Southern District of New York.

9.      Admits the allegations contained in paragraph 9 of the Complaint.

10.     Denies the allegations contained in paragraph 10 of the Complaint.

11. Denies the allegations contained in paragraph 11 of the Complaint.

12. Denies the allegations contained in paragraph 12 of the Complaint.

## FIRST CAUSE OF ACTION

13. Defendant repeats each response to paragraphs numbered 1 through 12 of the Complaint as if fully set forth herein.

14. Denies the allegations contained in paragraph 14 of the Complaint.

15. Denies the allegations contained in paragraph 15 of the Complaint.

16. Denies the allegations contained in paragraph 16 of the Complaint.

17. Admits the allegations contained in paragraph 17 of the Complaint.

18. Admits the allegations contained in paragraph 18 of the Complaint.

19. Admits the allegations contained in paragraph 19 of the Complaint.

20. Denies the allegations contained in paragraph 20 of the Complaint.

21. Denies the allegations contained in paragraph 21 of the Complaint.

22. Denies the allegations contained in paragraph 22 of the Complaint.

23. Denies the allegations contained in paragraph 23 of the Complaint.

24. Denies the allegations contained in paragraph 24 of the Complaint.

25. Denies the allegations contained in paragraph 25 of the Complaint.

26. Denies the allegations contained in paragraph 26 of the Complaint.

27. Defendant repeats each response to paragraphs number 1 through 26 as if fully set forth herein.

28. Denies the allegations contained in paragraph 28 of the Complaint.

29. Denies the allegations contained in paragraph 29 of the Complaint.

30. Denies the allegations contained in paragraph 30 of the Complaint.

31.    Denies the allegations contained in paragraph 31 of the Complaint.

32.    Denies the allegations contained in paragraph 32 of the Complaint.

33.    Denies the allegations contained in paragraph 33 of the Complaint.

34.    Denies the allegations contained in paragraph 34 of the Complaint.

## SECOND CAUSE OF ACTION

35.    Defendant repeats each response to paragraphs numbered 1 through 34 of the Complaint as if fully set forth herein.

36.    Denies the allegations contained in paragraph 36 of the Complaint.

37.    Denies the allegations contained in paragraph 37 of the Complaint.

38.    Admits the allegations contained in paragraph 38 of the Complaint.

39.    Denies the allegations contained in paragraph 39 of the Complaint.

40.    Denies the allegations contained in paragraph 40 of the Complaint.

41.    Denies the allegations contained in paragraph 41 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

42.    The Complaint should be dismissed for failure to state a cause of action.

### SECOND AFFIRMATIVE DEFENSE

43.    Plaintiff worked in a "bona fide executive, administrative or professional capacity" as defined in 29 U.S.C. § 213(a)(1), and is an exempt employee not entitled to receive overtime compensation.

### THIRD AFFIRMATIVE DEFENSE

44. Plaintiff worked in a "bona fide executive, administrative or professional capacity" as defined in 29 U.S.C. § 213(a)(1), and is an exempt employee not entitled to receive overtime compensation pursuant to New York Labor Law §142-2.4.

### FOURTH AFFIRMATIVE DEFENSE

45. Plaintiff is not entitled to any relief because she was an executive, administrative or professional employee under federal and state law.

### FIFTH AFFIRMATIVE DEFENSE

46. The Exhibit to the Complaint is an inauthentic document.

### SIXTH AFFIRMATIVE DEFENSE

47. Plaintiff's claim is barred by the Statute of Frauds.

### SEVENTH AFFIRMATIVE DEFENSE

48. Plaintiff was paid in full and is entitled to no damages.

### EIGHTH AFFIRMATIVE DEFENSE

49. The Federal Court has subject matter jurisdiction over this action.

### NINTH AFFIRMATIVE DEFENSE

50. Proper venue is in the United States District Court, Southern District of New York because Plaintiff was at the time this action commenced, and still is, a citizen of the State of New Mexico, and that Defendant was at the time this action was commenced, and still is, a domestic not-for-profit corporation incorporated under the laws of the State of New York, with its principal place of business within said state, does not have a principal office or place of business within the State of New Mexico and the matter in controversy herein exceeds the sum of $75,000.00, exclusive of interest and costs.

## TENTH AFFIRMATIVE DEFENSE

51. Jurisdiction is conferred upon the United States District Court, Southern District of New York pursuant to 29 U.S.C. § 216.

WHEREFORE, Defendant demands judgment dismissing the Complaint and awarding Defendant attorneys' fees, costs and disbursements incurred in defending this action and such other and further relief as this court deems just and proper.

Dated: New York, New York
       May 7, 2007

                                      SHIBOLETH, YISRAELI,
                                      ROBERTS & ZISMAN LLP

                                      Shira Y. Rosenfeld (SR 5392)
                                      One Penn Plaza, Suite 2527
                                      New York, New York 10119
                                      Tel: (212) 244-4111
                                      Fax: (212) 563-7108

                                      *Attorneys for Defendant*

To:    Gary Tsirelman, Esq.
         Gary Tsirelman P.C.
         55 Washington Street, Ste., 606
         Brooklyn, NY 11201
         Tel: (718) 438-1200

         *Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

JANE HOCHBERG,

                Plaintiff,                07 CV 3470 (NRB)(JCF)

    -against-                           **VERIFICATION**

WORLD ZIONIST ORGANIZATION-
AMERICAN SECTION, INC.,

                Defendant.

-----------------------------------------------------------X

STATE OF NEW YORK   )
                              ) SS.:
COUNTY OF NEW YORK )

        YEHOSHUA MENASHE swears under oath as follows:

        I am the Treasurer of the World Zionist Organization – American Section, Inc., defendant in the above-captioned action, and I hereby verify on behalf of the corporation that the allegations and representations made in this Verified Answer are true to the best of my knowledge, or are believed to be true.

                                                                         Yehoshua Menashe

Sworn before me this
____ day of May , 2007

_____
NOTARY PUBLIC

        SHIRA YAEL ROSENFELD
       Notary Public, State Of New York
            No. 02RO6053576
        Qualified In New York County
    Commission Expires January 16, 2011