```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
JANE HOCHBERG
                                      AMENDED VERIFIED
                                      COMPLAINT

                 Plaintiff,           JURY TRIAL DEMANDED

       -against-                      Index # 07 CV 3470

WORLD ZIONIST ORGANIZATION-
AMERICAN SECTION, INC.

                 Defendant.
------------------------------------x
```

PLAINTIFF JANE HOCHBERG, for her complaint, by her attorneys GARY TSIRELMAN P.C. alleges as follows:

### THE PARTIES

1. Plaintiff JANE HOCHBERG is an adult individual who is a resident of Santa Fe, New Mexico.

2. Defendant WORLD ZIONIST ORGANIZATION-AMERICAN SECTION, INC., ("hereinafter, "WZO"), is a corporation doing business in the State of New York, City of New York.

3. Plaintiff has been employed by WZO from approximately 23.5 years.

4. WZO does business within New York City.

5. WZO maintains corporate headquarters within the City of New York, County of New York at 633 Third Avenue, New York, NY 10017.

6. Defendant WZO is engaged in providing education, organization and information, including special seminars and pedagogic

manuals, promotes, publishes and distributes books and periodicals.

7. Plaintiff worked for WZO as a Controller.

## JURISDICTION AND VENUE

8. This court has jurisdiction over this case.

9. At all times relevant and material to this action, Plaintiff had been employed by Defendant in the State of New York.

10. At all times relevant and material to this action, Defendant has operated throughout the city of New York, has done substantial business in the State of New York, and thereby has obtained the benefits of the laws and the financial and labor markets of the State of New York.

11. Venue is proper in the New York County.

12. Venue is proper in the New York County based upon Defendant's principal place of business.

## FIRST CAUSE OF ACTION

13. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

14. The first cause of action is to recover from the defendants unpaid overtime compensation, an additional equal amount as liquidated damages, and other remedies pursuant to the provisions of the Fair Labor Standards Act 29 USC § 201 et. seq.("FLSA"), New York Labor Law Article 19, § 650 et seq., Labor Law §§ , 198(1a) , 663, and the supporting New

York State Department of Labor Regulations, 12 NYCRR Part 142 ("New York Labor Law"), all together hereinafter referred to as the ''Labor Laws.''

15. Jurisdiction is conferred on this Court by Section 16 (29 USC § 216) of the FLSA.

16. Plaintiff was at all the times hereinafter mentioned a resident of New York County, City and State of New York.

17. The defendant WZO is incorporated and exists under and pursuant to New York State law.

18. WZO is and has been engaged in the business of distributing publications to various points outside the State of New York and other educational activities outside the State of New York and thus engaged in interstate commerce.

19. The plaintiff's functions and duties were an essential part of the defendant's operations and, consequently, constituted the production of goods for interstate commerce within the meaning of the Labor Laws.

20. During the period of plaintiff's employment, she regularly worked approximately 50 hours per week, which was longer than the applicable weekly maximum number of hours provided by Section 7 (29 USC § 207) of the FMLA.

21. The defendant WZO failed and refused to compensate the plaintiff for a portion of overtime hours worked in excess of the applicable maximum weekly hours at the minimum rate of

one and one-half times her regular hourly rate as provided by the Labor Laws.

22. Namely, for the year 2006, WZO failed to pay Plaintiff for 132.5 overtime hours and for the year 2007, WZO failed to pay Plaintiff for 13 overtime hours.

23. The defendant's partial failure to compensate the plaintiff for the excess weekly hours above the applicable maximum hours prevailing under Section 7 of the FMLA at a rate not less than one and one half the plaintiff's regular hourly pay rate, was in violation of the Labor Laws. The defendant compensated all of its other employees at one and one-half times their regular rates for all work in excess of a standard 40-hour work week, and the plaintiff is likewise entitled to the same overtime compensation rate for all hours worked in excess of the standard 40-hour work week. In addition, the services rendered by the plaintiff to the defendant were at all times compensable according to the defendant's and the industry's custom, as well as under the Portal-to-Portal Act of 1947.

24. The plaintiff has duly demanded payment for her excess work at the overtime rate, but the defendant has failed and refused to make payment for all overtime hours worked as required by the Labor Laws.

25. Under and by virtue of the Labor Laws and her previously established employment relationship, the plaintiff is entitled to recover for all hours worked in each work week over the maximum of 40 hours. The plaintiff's unpaid overtime aggregates 145.5 hours during the period of her employment.

26. By reason of the foregoing and pursuant to provisions of the Labor Laws, there is due and owing to the plaintiff from the defendant the sum of $8089.65 as unpaid overtime.

27. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

28. At times relevant to this action, Plaintiff has been an employee and WZO has been an employer within the meaning of the FMLA and New York Labor Law.

29. The overtime wage provisions set forth in FMLA and Article 19 of the New York Labor Law apply to WZO.

30. WZO has failed to pay Plaintiff overtime compensation to which she is entitled under FMLA and the New York Labor Law.

31. By WZO's failure to pay Plaintiff overtime wages for hours worked in excess of 40 hours per workweek, it has willfully violated the FMLA and New York Labor Law Article 19, § 650 et seq., and the supporting New York State Department of Labor Regulations, including but not limited to the regulations in 12 NYCRR Part 142.

32. Due to WZO's violations of the FMLA and New York Labor Law, Plaintiff is entitled to recover from WZO her unpaid overtime wages, "spread of hours" compensation (12 NYCRR § 142-2.4), liquidated damages under FMLA 29 USC § 216[b], liquidated damages under New York Labor Law (§§ 198(1a), 663), reasonable attorneys' fees, costs and pre-judgment and post judgment interest.

33. Plaintiff seeks compensation and credit for all unrecorded and /or uncompensated work in excess of 40 hours per workweek required or permitted by Defendant, and/or other damages as permitted by applicable law, interest, attorneys' fees and costs.

34. WHEREFORE, Plaintiff prays for the following relief:

   A. Unpaid overtime premium hourly wages pursuant to New York Labor Law Article 19, § 650 et seq., and the supporting New York State Department of Labor regulations in the amount of $8089.65;

   B. An extra hour's wages for any day when the employee's "spread of hours" exceeds 10 hours (12 NYCRR § 142-2.4), in the amount that cannot currently be ascertained but that readily exceeds $5,000;

   C. Liquidated damages under FMLA 29 USC § 216[b] in the amount of $8089.65 as it equals to the amount of unpaid overtime compensation;

D. Liquidated damages under New York Labor Law (§§ 198(1a), 663) in the amount of $2022.41 as it equals to 25% of the amount of unpaid overtime compensation;

E. Pre-judgment and Post-Judgment interest, as provided by law;

F. Reasonable attorneys' fees, costs and any other relief the court may deem just and proper.

## SECOND CAUSE OF ACTION

35. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

36. Defendant authorized payment to Plaintiff for overtime hours at a rate of one and one-half time her regular hourly rate.

37. Defendant promised payment to Plaintiff for overtime hours at a rate of one and one-half time her regular hourly rate.

38. In reliance on Defendant's promise, Plaintiff worked overtime hours.

39. In reliance on Defendant's authorization, Plaintiff worked overtime hours.

40. Had defendant not authorized and/or not promised that Plaintiff be paid at a rate of 150% for overtime, she would not have worked in excess of her regular work week.

WHEREFORE, Plaintiff prays for the following relief:

    A.    Unpaid overtime premium hourly wages in the amount of $8089.65;

    B.    Reasonable attorneys' fees, costs and any other relief the court may deem just and proper;

    C.    Pre-judgment and Post-Judgment interest, as provided by law;

THIRD CAUSE OF ACTION

41. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

42. the Defendant guaranteed to Plaintiff certain rights, privileges and benefits, including but not limited to 1) a severance payment equaling the sum of one month of the last annual salary multiplied by the number of years of service completed at the time of departure; 2) severance benefits consisting of health, dental and life insurances and pension continuance for the number of months equaling the number of years in service; 3) continuance of health insurance benefits on a monthly reimbursable basis.

43. The Defendant has a general policy to grant severance pay upon employee's separation from Defendant.

44. Such severance pay is usually calculated by multiplying a certain amount, usually last month's salary, by the number of years worked.

45. The Plaintiff worked for the Defendant and continued to work for the Defendant in reliance on the general policy that a severance pay will be made upon her separation from Defendant.

46. The Plaintiff worked for the Defendant and continued to work for the Defendant in reliance on the general policy that a severance pay will be made upon her separation from Defendant.

47. On or about June 29, 2005 the defendant reassured Plaintiff in writing that the above terms and conditions of the plaintiff's employment were in full force and effect.

48. On or about January 31, 2007, the plaintiff submitted to the defendant a notice of her resignation as Controller.

49. Pursuant to the agreement between the parties, a copy of which is annexed as Exhibit A, the plaintiff was entitled to receive, upon termination of her employment on February 15, 2007, at least the amount equal to $ 162,649 representing the severance payment and benefits.

50. The defendant has not made the payment to the Plaintiff, although payment has been demanded.

51. As a consequence of the above, the plaintiff has been damaged in the sum of $162,649.

WHEREFORE, Plaintiff prays for the following relief:

A. Unpaid overtime premium hourly wages pursuant to New York Labor Law Article 19, § 650 et seq., and the supporting New York State Department of Labor regulations or pursuant to Defendant's promise/authorization in the amount of $8089.65;

B. An extra hour's wages for any day when the employee's "spread of hours" exceeds 10 hours (12 NYCRR § 142-2.4), in the amount that cannot currently be ascertained but that readily exceeds $5,000;

C. Liquidated damages under FMLA 29 USC § 216[b] in the amount of $8089.65 as it equals to the amount of unpaid overtime compensation;

D. Liquidated damages under New York Labor Law (§§ 198(1a), 663) in the amount of $2022.41 as it equals to 25% of the amount of unpaid overtime compensation;

E. Her severance pay equal to her monthly salary for January 2007 multiplied by 23 years;

F. Benefits pay including health, dental, life insurance and pension for the duration of 23 months starting from the month of her departure;

G. Injunction requiring Defendant to continue health insurance benefits on a monthly reimbursable basis;

H. Pre-judgment and Post-Judgment interest, as provided by law;

    I. Reasonable attorneys' fees, costs and any other relief the court may deem just and proper.

DATED:    Brooklyn NY
           August 1, 2007

                                        Respectfully submitted,

                                        Julia Paskalova (JP0950)
                                        Gary Tsirelman P.C.
                                        Attorney for Plaintiff
                                        55 Washington St. Suite 606
                                        Brooklyn NY 11201
                                        (718) 438-1200

To:
Shira Y. Rosenfeld, Esq.
SHIBOLETH, YISRAELI, ROBERTS & ZISMAN, LLP
1 Penn Plaza, Suite 2527
New York, NY 10119

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
JANE HOCHBERG
                                          VERIFICATION
                Plaintiff,
                                          Index #
        -against-

WORLD ZIONIST ORGANIZATION-AMERICAN SECTION, INC.

                Defendant.
------------------------------------x
```

ATTORNEY VERIFICATION

STATE OF NEW YORK    )
                     )SS:
COUNTY OF NEW YORK   )

The undersigned, an attorney admitted to practice in the Courts of New York State, states that I am the attorney for Plaintiff JANE HOCHBERG in the within action; I have read the foregoing document and know the contents thereof; the same is true to my own knowledge, except as to the matters stated to be alleged on information and belief, and so to those matters I believe same to be true. This verification is made by affirmant because the above-named Plaintiff is not within and/or does not maintain a principal place of residence in the State of New York. The grounds to belief as to all matters not stated upon personal knowledge are information contained in the office file, investigation and/or conversation with the above-named plaintiffs.

I affirm the foregoing statement is true, under the penalty of perjury.

Dated:    Brooklyn, New York
          August 1, 2007

/s/ Paskalova<br>Julia Paskalova, Esq.

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------x
JANE HOCHBERG

                    Plaintiffs,
                                            Index #
     -against-

WORLD ZIONIST ORGANIZATION-AMERICAN SECTION, INC.

                    Defendants.
-----------------------------------x
```

**AMENDED VERIFIED COMPLAINT**

**Gary Tsirelman PC**
*Attorneys for Plaintiff*
JANE HOCHBERG
55 Washington St. Suite 606
Brooklyn NY 11201
(718) 438-1200
Our File No.: CO0315

*Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney duly admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed documents are not frivolous.*

Dated: August 1, 2007        *Signature:*        ...........................

                             *Print Signer's Name:* .....................

Service of a copy of the within                          is      hereby
admitted.

*Dated:* ...............                          _____
                                                  *Attorneys for Plaintiff*

Shira Y. Rosenfeld, Esq.
SHIBOLETH, YISRAELI, ROBERTS & ZISMAN, LLP
1 Penn Plaza, Suite 2527
New York, NY 10119